# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

          Plaintiff,

   vs.

MAURICE DONNELL COOPER,

          Defendant.

2:07-CR-0066 JCM (GWF)
Related Case 2:09-CV-1764 JCM

## **ORDER**

Presently before the court is petitioner Maurice Donnell Cooper's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. (Doc. # 68).

**I.    Procedural Background**

On September 9, 2009, petitioner filed a § 2255 motion stating twenty grounds for relief. (Doc. # 68). Eighteen of the claims involved assignments of error that petitioner could have raised on direct appeal. (Doc. # 68, 1-18). The nineteenth claim asserted that appellate counsel was ineffective for failing to raise the first eighteen claims. (Doc. # 68, 19). The twentieth claim was for ineffective assistance of appellate counsel for failure to timely inform petitioner of denial of the appeal. (Doc. # 68, 19). On April 16, 2010, the court found the first eighteen claims to be procedurally defaulted, and denied the two other claims on the merits. (Doc. # 79).

On April 23, 2010, petitioner appealed this court's denial of his § 2255 motion. (Doc. # 80). On March 23, 2012, the Ninth Circuit issued an order vacating this court's order and remanding the

**James C. Mahan**
**U.S. District Judge**

case to this court. (Doc. # 93). The Ninth Circuit had previously issued a certificate of appealability to determine whether this court "erred in summarily dismissing [petitioner's] 28 U.S.C. § 2255 motion as procedurally defaulted and on the merits without first providing [petitioner] with notice of the default and an opportunity to respond and/or requiring a response from [the government]." (Doc. # 93). The order on mandate has been entered on the docket. (Doc. # 96).

On June 27, 2012, this court ordered the government to file a response to petitioner's claims within 30 days of entry of the order. Further, the court permitted petitioner 30 days from the date of the government's response to file a reply. (Doc. # 97). On July 24, 2012, the government filed its response (doc. # 98), and to date, petitioner has not filed a reply.[1]

## II. Procedural Default

The Supreme Court has applied "equitable limitations to narrow the broad sweep of federal habeas jurisdiction." *Reed v. Farley*, 512 U.S. 339, 356 (1994). These limitations recognize that a § 2255 motion is not a substitute for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Dunham*, 767 F.2d 1395, 1396 (9th Cir. 1985) (stating that "[s]ection 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal."). Furthermore, the Ninth Circuit has held that § 2255 motions should not be used to:

> relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction . . . . Or stated another way, grounds which were apparent when appellant appealed from his conviction, cannot, thereafter, be made the basis for an attack on a motion to set aside judgment and sentence.

*Hammond v. United States*, 408 F.2d 481, 483 (9th Cir.1969) (internal citations omitted). The Supreme Court has stated that a petitioner moving pursuant to § 2255 "procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *See*

---

[1] The court notes that petitioner received this court's order providing petitioner an opportunity to respond. (Doc. # 97). Further, petitioner is aware of the date that the government filed its response as the government filed a certificate of service. (Doc. # 98, 6). The court has permitted a generous amount of time in addition to 30 days for petitioner to respond; however, petitioner had not done so.

*also United States v. Ware*, 416 F.3d 1118, 1121 (9th Cir. 2005).

If a § 2255 motion raises issues that appear to be procedurally defaulted, the district court appropriately raises procedural default but must provide petitioner adequate notice and opportunity to establish cause and prejudice to overcome default. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

Here, petitioner's first eighteen claims could have been raised on direct appeal. Thus the court determined that these claims were procedurally defaulted. (Doc. # 79). Petitioner had adequate notice of this procedural default when he received this court's order denying his § 2255 motion. (Doc. # 79).[2] Thereafter, petitioner was afforded an opportunity to establish cause and prejudice to overcome default pursuant to this court's order. (Doc. # 97).[3] However, petitioner has not responded after being given an opportunity to do so.

Thus, the court finds that because petitioner has not established cause and prejudice to excuse his procedural default, petitioner's first eighteen claims are denied as having been procedurally defaulted.

### III. Certificate of Appealability

The court declines to issue a certificate of appealability. Under 28 U.S.C. § 2253, if a court denies petitioner's § 2255 motion, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists

---

[2] It is also clear that petitioner had notice of the basis of this court's denial as petitioner appealed this court's order. (Doc. # 80).

[3] The court permitted petitioner 30 days to reply to the government's response. (Doc. # 97).

James C. Mahan
U.S. District Judge

- 3 -

would not find the court's determination that petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

**IV.    Conclusion**

Based on the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (doc. # 68) be, and hereby is, DENIED.

DATED November 8, 2012.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**